UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-cv-216-C

| | |
|---|---|
| ANGELA A. HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HEWLETT PACKARD COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

On May 25, 2007, the plaintiff filed her Compliant in this Court. (Doc. No. 1). On September 13, 2007, the plaintiff served the defendant, via its registered agent, with the Summons and Compliant by certified mail. On January 29, 2008, after the defendant failed to file a timely answer, the plaintiff made a Motion for Entry of Default pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. No. 3). The Clerk entered default against the defendant on January 30, 2008. (Doc. No. 4). The defendant filed a Motion for Additional Time to Respond to Plaintiff's Complaint on February 5, 2008. (Doc. No. 6). On February 11, 2008, the defendant filed a Motion to Set Aside Entry of Default (Doc. No. 7), which is now before the Court.

After review of the defendant's motion, the plaintiff's response, and all the relevant pleadings, the Court grants the defendant's motion to set aside the Clerk's entry of default for the reasons set forth below.

**STANDARD**

Rule 55(a) of the Federal Rules of Civil Procedure states that when a defendant fails to plead or otherwise defend his case "the clerk must enter the [defendant] party's default." Fed. R. Civ. P. 55(a). Rule 55(c) further explains that "[t]he court may set aside entry of default for good cause."

Fed. R. Civ. P. 55(c).

A district court has broad discretion in decided whether to set aside a Clerk's entry of default. Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967) (holding "[t]he disposition of motions made under Rules 55(c) and 60(b) is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."). Indeed, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). The Fourth Circuit determined that "relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982); see also Tolson, 411 F.2d at 130 ("Rules 55(c) and 60(b) are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.").

## FACTUAL BACKGROUND

Since 1989, Michelle Marchant has served as an in-house counsel for defendant with the responsibility of managing employment law cases. (Doc. No. 8 at 5). In July 2007, defendant hired Kimberly Schultz, who assumed responsibility for receiving, reviewing, and transmitting new lawsuits. (Doc. No. 8 at 3).

The defendant alleges that it has an established procedure whereby Ms. Schultz notifies Ms. Marchant and her administrative assistant, Lisa Brown, via e-mail when documents have been received from the defendant's registered agent for service of process. (Doc. No. 8 at 6). According to the procedure, Ms. Marchant or Ms. Brown will forward the notice of the new lawsuit to the assigned in-house counsel and her assistant. (Doc. No. 8 at 8). The defendant claims that Ms.

Schultz properly notified Ms. Marchant of the plaintiff's Summons and Complaint. (Doc. No. 8 at 7).

However, upon receipt of this information, Ms. Marchant and Ms. Brown both allege that they believed that the other was forwarding the plaintiff's Summons and Complaint to the assigned in-house attorney, Kathryn Young. (Doc. No. 8 at 8). Because of Ms. Marchant's and Ms. Brown's miscommunication, Ms. Young never received the plaintiff's Summons and Complaint. (Doc. No. 8 at 8-9). As a result, Ms. Young did not personally, nor through outside counsel, answer the plaintiff's Complaint in a timely manner. (Doc. No. 8 at 10). Because of the defendant's lack of timeliness, the plaintiff made a Motion for Entry of Default, which the Clerk granted. (Doc. No. 3 & 4).

## ANALYSIS

As stated above, Rule 55(c) states that "[t]he court may set aside entry of default for good cause." Fed. R. Civ. P. 55(c). The Fourth Circuit noted a number of factors for district courts to consider in deciding whether to set aside default entries, including: whether the defendant moving to set aside default acted with reasonable promptness, whether the defendant has a meritorious defense, whether the defendant's inaction was willful, whether the plaintiff will be substantially prejudiced if the default is set aside, and the availability of less drastic measures than entry of default. See Consol. Masonry & Fireproofing, Inc., 383 F.2d at 251; Moradi, 673 F.2d at 727-28; Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

In this case, these factors weigh heavily in favor of setting aside the Clerk's entry of default. Upon learning of the Clerk's entry of default, the defendant filed an opposition (Doc. No. 6) within six days, and filed a motion to set aside entry of default six days later (Doc. No. 7). The defendant has provided evidence of a meritorious defense to the plaintiff's claim as it asserts that the plaintiff

did not file her discrimination claim with the Equal Employment Opportunity Commission within one hundred and eighty days and is thus time-barred. It does not appear to the Court that the defendant was willful in its failure to respond to the plaintiff's complaint in a timely manner, but rather that the defendant's untimeliness was due to a misunderstanding between Ms. Marchant and Ms. Brown. Finally, the Court perceives no prejudice to the plaintiff "beyond that suffered by any party which loses a quick victory." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988). Furthermore, the plaintiff will not suffer any monetary loss because the defendant in this case has consented to reimburse the plaintiff for the reasonable attorney's fees and costs incurred in motioning for default and responding to the defendant's motion to set aside default. Thus, for good cause shown, the Clerk's entry of default should be set aside.

## CONCLUSION

Accordingly, the Court **GRANTS** the defendant's motion to set aside the Clerk's entry of default. The Court further **ORDERS** that the defendant will pay for the plaintiff's reasonable attorney's fees and costs associated with filing her Motion for Entry of Default and response to the defendant's Motion to Set Aside Entry of Default.

Signed: March 20, 2008

_____
Robert J. Conrad, Jr.
Chief United States District Judge