UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-cv-216

| | | |
|---|---|---|
| ANGELA A. HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| HEWLETT PACKARD CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. No. 15), the defendant's Memorandum of Law in Support of the Motion for Partial Dismissal (Doc. No. 16), the plaintiff's Memorandum in Opposition (Doc. No. 19), and the defendant's Reply Memorandum (Doc. No. 22). United States Magistrate Judge Carl Horn, III entered a Memorandum and Recommendation ("M&R") (Doc. No. 23), recommending that the defendant's Motion for Partial Dismissal be granted in part and denied in part. The defendant filed a timely objection to the M&R (Doc. No. 24), which is now before the Court. For the reasons that follow, the Court adopts the magistrate judge's M&R and denies the defendant's Motion for Partial Dismissal as to the plaintiff's public policy claims.

**STANDARD OF REVIEW**

A party may file specific, written objections to a magistrate judge's M&R within ten days after being served with a copy of the recommended disposition. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (holding that "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). A district judge

must conduct a de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

## BACKGROUND

The defendants have made no specific objections to the findings of fact contained in the magistrate judge's M&R. After a careful review of the record in this case, the Court adopts the factual findings made by the magistrate judge on pages one through two of the M&R filed on June 16, 2008, for purposes of this Order.

## DISCUSSION

Plaintiff asserted two claims against the defendant for violation of Title VII and North Carolina public policy based on (1) the defendant's alleged gender discrimination when she was chosen for work force reduction and (2) the defendant's alleged retaliation following her complaint to human resources. The magistrate judge recommended that the plaintiff's retaliation claim alleging a violation of North Carolina public policy be dismissed to the extent that it involves a cause of action based upon abusive language, stricter work scrutiny, and poor

2

evaluation. Further, the magistrate judge recommended that the plaintiff's claims should not be dismissed to the extent that these claims are based upon the conduct of Mr. Brett.[1] Finally, the magistrate judge recommended that the plaintiff's remaining sex discrimination and retaliation claims should not be dismissed to the extent that they were brought pursuant to North Carolina public policy. (Doc. No. 23 at 3-8).

North Carolina is an at-will employment state, meaning that the employment "relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party" unless a contractual agreement establishes alternative terms of employment. Salter v. E & J Healthcare, 575 S.E.2d 46, 51 (N.C. Ct. App. 2003). However, the North Carolina Supreme Court recognized a public policy exception to the at-will doctrine in Coman v. Thomas Manufacturing Co., 381 S.E.2d 445, 447 (N.C. 1989). See Amos v. Oakdale Knitting Co., 416 S.E.2d 166, 171 (N.C. 1992) (explaining that the public policy exception is a "judicially recognized outer limit to a judicially created doctrine, designed to vindicate the rights of employees fired for reasons offensive to the public policy of this State"). Public policy is "the principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good." Coman, 381 S.E.2d at 447 n.2. Although "[t]here is no specific list of what actions constitute a violation of public policy," Salter, 575 S.E.2d at 51, "at the very least[,] public policy is violated when an employee is fired in contravention of express policy declarations contained in the North Carolina General Statutes," Amos, 416 S.E.2d at 169.

The North Carolina legislature "clearly and distinctly" announced its public policy with

---

[1] The defendant did not object to the first two recommendations by the magistrate judge.

respect to employment discrimination in the North Carolina Equal Employment Practices Act ("NCEEPA").[2] Jarman v. Deason, 618 S.E.2d 776, 778 (N.C. Ct. App. 2005). The NCEEPA states that "[i]t is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of . . . sex . . . by employers which regularly employ 15 or more employees." N.C. Gen. Stat. § 143-422.2. Both federal and state courts acknowledge that a discharge in violation of the NCEEPA can give rise to a claim of wrongful discharge in violation of North Carolina's public policy exception. See, e.g., Simmons v. Chemol Corp., 528 S.E.2d 368, 370 (N.C. Ct. App. 2000) (wrongful discharge claim for handicap discrimination); Russell v. Buchanan, 500 S.E.2d 728, 729 (N.C. Ct. App. 1998) (claim of sexual harassment); see also McLean v. Patten Cmtys., Inc., 332 F.3d 714, 721 (4th Cir. 2003) (claims of race and gender discrimination in North Carolina).

The defendant claims that the magistrate judge erred in not dismissing the sex discrimination and retaliation claims that are based on North Carolina's public policy exception to the at-will doctrine.[3] The defendant relies on Whitt v. Harris Teeter, Inc., 614 S.E.2d 531 (N.C. 2005) (per curiam), when arguing that the public policy exception requires an employee to allege that she was terminated because she refused to follow her employer's affirmative demands that she violate public policy. In Whitt, the North Carolina Supreme Court issued a per curiam

---

[2] A private cause of action under the NCEEPA has not been recognized by North Carolina Courts. Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). The plaintiff, however, is making a claim for a common law tort action based on public policy, not a private right of action.

[3] The Court recognizes that dismissal of these claims as to North Carolina public policy has no impact on the plaintiff's ability to proceed pursuant to Title VII.

4

decision that reversed the North Carolina Court of Appeals decision "for the reasons stated in the [appellate decision's] dissenting opinion." Id. at 531. In the dissenting opinion filed by the North Carolina Court of Appeals in Whitt, Judge McCullough articulated two objections to the majority opinion: (1) that North Carolina does not recognize constructive discharge as a separate tort action; and (2) that even were North Carolina to recognize such a doctrine, the facts of the case do not support the claim. 598 S.E.2d 151, 159 (N.C. Ct. App. 2004) (McCollough, J., dissenting); see McHan v. Cherokee County, No. 2:06CV21, 2006 WL 3694540, at * 2 (W.D.N.C. Dec. 13, 2006) (stating that "it is clear that the dissent was based on two reasons").

The issue of whether the public policy exception includes claims of constructive discharge is irrelevant here because the plaintiff was actually discharged by the defendant. However, the defendant claims that the significance of Whitt is not limited to cases involving constructive discharge. The defendant points to the dissent's discussion of the relevance of Coman. Even though the dissent explains that the holding of Coman is narrowly defined by the issue of whether a public policy exception exists to the at-will doctrine, the dissent also states that "[i]t is clear from Coman, that a claim under this wrongful discharge require[s] some affirmative demand of an employee by the employer to violate public policy." Id. (McCollough, J., dissenting). The defendant relies on the latter statement when asserting that the plaintiff can not demonstrate that the defendant demanded that she violate public policy.

The magistrate judge rejected the "affirmative demand" requirement mentioned in Whitt by relying on the majority opinion in McHan v. Cherokee County, No. 2:06CV21, 2006 WL 3694540 (W.D.N.C. Dec. 13, 2006). In McHan, this Court stated, "[w]hether the affirmation by North Carolina's Supreme Court is based upon one or both of the reasons stated in the dissent is

5

unclear . . . . Whatever the case may be, it is clear to the undersigned that the Supreme Court's per curiam opinion provides minimal guidance and should not be relied upon exclusively in disposing of this Plaintiff's constructive discharge claim." Id. at *2.

Fortunately, this Court does not need to determine upon which of the two rationales the North Carolina Supreme Court relied or whether it relied on both alternatively. Instead, this Court finds that the dissent's language that Coman requires an "affirmative demand" is merely dicta. "[T]his Court is bound by holdings, not language." Alexander v. Sandoval, 532 U.S. 275, 282 (2001); see also Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 379 (1994) ("It is to the holdings of our cases, rather than their dicta, that we must attend . . ."); New England Mut. Life Ins. Co. v. Mitchell, 118 F.2d 414, 420 (4th Cir. 1941) ("To base a decision upon dicta, or upon speculation as to what the local court might decide in the light of dicta, would be to depart from our solemn duty in the premises and embark upon a vain and illusory enterprise.") A single sentence in dicta is not sufficient for this Court to rely upon to dismiss the plaintiff's claims.

Other state and federal courts have cited to Whitt to support the proposition that North Carolina does not recognize constructive wrongful discharge as a separate tort action. See, e.g., Clark v. United Emergency Servs., No. COA07-592, 2008 WL 1723229, at *4 (N.C. Ct. App. April 15, 2008); Daugherty v. Food Lion, LLC, No. 1:04CV278, 2006 WL 1642233, at *18 (W.D.N.C. June 13, 2006). However, no court has ever relied on the "affirmatively demanded" dicta in Whitt.

The defendant notes that the North Carolina Court of Appeals used the "affirmatively demanded" analysis, without citing to Whitt, in Clark v. United Emergency Services. See 2008 WL 1723229, at *5 (listing several cases, all decided before Whitt, where the public policy

6

exception applied and the employer affirmatively requested that an employee violate established public policy). But, the defendant's reliance on the unpublished decision is misplaced. The North Carolina Rules of Appellate Procedure make clear that "an unpublished decision of the North Carolina Court of Appeals does not constitute controlling legal authority." N.C.R.App.P. 30(e)(3). Even if Clark constituted controlling or persuasive legal authority, Clark only addresses one type of public policy violation that is actionable in North Carolina. See 2008 WL 1723229, at *5 (addressing plaintiff's allegations that she was fired for refusing to give false testimony). Clark does not purport to recite all the possible types of public policy violations that support a wrongful discharge claim. Thus, this Court finds that the "affirmative demand" analysis first mentioned in Whitt is merely dicta. When filing a claim under the North Carolina public policy exception, a plaintiff is not required to allege that she was terminated for refusing to follow her employer's demands that she violate public policy.

## CONCLUSION

**IT IS, THEREFORE, ORDERED**, that the magistrate judge's M&R is **AFFIRMED** and that the defendant's Motion for Partial Dismissal as to the plaintiff's public policy claims is **DENIED**.

**SO ORDERED**.

Signed: September 22, 2008

Robert J. Conrad, Jr.
Chief United States District Judge